## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 23 2020, 9:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

I. Marshall Pinkus
Pinkus & Pinkus
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Tyler G. Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Russell Rouzier, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | September 23, 2020 <br><br> Court of Appeals Case No. 19A-PC-1609 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Lisa F. Borges, Judge <br><br> Trial Court Cause No. 49G04-1612-PC-48935 |

**Vaidik, Judge.**

[1] In February 2016, Russell Rouzier was convicted of Level 3 felony criminal confinement and Class A misdemeanor domestic battery and sentenced to

twelve years. We affirmed on direct appeal. *See Rouzier v. State*, No. 49A04-1603-CR-495 (Ind. Ct. App. Sept. 22, 2016).

In December 2016, Rouzier filed a petition for post-conviction relief, arguing that his trial counsel was ineffective on several grounds. After an evidentiary hearing at which Rouzier was the only witness to testify, the post-conviction court denied relief. *See* Appellant's App. Vol. II pp. 24-39.

Rouzier now appeals, arguing that the post-conviction court erred in denying his petition. Rouzier's arguments are contained within a single paragraph, and that paragraph is simply a series of conclusory allegations that his trial counsel was ineffective. Specifically, Rouzier claims there was "no consistent representation provided by the Marion County Public Defenders Agency," that his trial counsel was not "prepared" for trial, that his trial counsel did not let him participate in the jury-selection process, that his trial counsel did not let him testify, that his trial counsel "allowed" the State to play only a portion of a recording, and that his trial counsel should have objected to pictures of a knife found on the scene. *See* Appellant's Br. pp. 11-12. Rouzier does not develop these arguments or provide any citations to the record to support them. And although Rouzier cites *Strickland v. Washington*, 466 U.S. 668 (1984), which sets forth a two-part test for evaluating ineffectiveness claims, he fails to perform the analysis required by that case. That is, he doesn't argue how trial counsel's performance was deficient in any detail beyond a mere allegation of deficiency or argue how that deficient performance prejudiced him.

[4] A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record. *Smith v. State,* 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005), *trans. denied; see also* Ind. Appellate Rule 46(A)(8)(a) (requiring the appellant's arguments to be "supported by cogent reasoning" and "citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on"). The State claims that Rouzier has waived all his arguments, and notably Rouzier didn't file a reply brief to dispute that claim. We agree with the State that Rouzier has waived all his arguments and therefore affirm the post-conviction court.

[5] Affirmed.

Bailey, J., and Baker, Sr. J., concur.